UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROEIAH EPPS-WARD,

       Plaintiff,

                                          Case No. 24-cv-

v.

                                          HON. _____
                                          MAG. _____

JARRETT ADAMS and THE LAW OFFICES
OF JARRETT ADAMS, PLLC, jointly
and severally,

       Defendants.
_____/

Arnold E. Reed & Associates P.C.
ARNOLD E. REED (P46959)
HAROLYN D. BEVERLY (P44028)
Attorneys for Plaintiff
17515 W. 9 Mile Rd., Ste. 425
Southfield, MI 48075
(248) 855-6330 | fax (248) 855-6340
areed@arnoldreedlaw.com
hbeverly@arnoldreedlaw.com
_____/


**COMPLAINT AND JURY DEMAND**


*Smith v County of Wayne, et al.,* Case No. 21-12070, is a related action
that was previously filed in this District and assigned to the Hon. David
M. Lawson.

NOW COMES Plaintiff ROEIAH EPPS-WARD, through the Law Offices of Arnold E. Reed & Associates, P.C., and states as follows for her Complaint against Defendants JARRETT ADAMS and THE LAW OFFICES OF JARRETT ADAMS, PLLC:

## JURISDICTION AND VENUE

1. Plaintiff ROEIAH EPPS-WARD ("Plaintiff") brings this action against Defendants JARRETT ADAMS and THE LAW OFFICES OF JARRETT ADAMS, PLLC, under the Court's diversity jurisdiction due to Defendants' failure to pay Plaintiff a lawfully contracted for referral fee upon the settlement of the case *Smith v County of Wayne, et al.,* Case No. 21-12070 and subsequent payment of settlement funds by the City of Detroit. In addition to breach of contract claims, Plaintiff also asserts a claim of conversion under M.C.L. 600.2919a.

2. At all times relevant to this action, Plaintiff ROEIAH EPPS-WARD resided within the Eastern District of Michigan, Southern Division judicial district.

3. Defendant JARRETT ADAMS is, upon information and belief a resident of the State of California, but he has had sufficient contacts with the State of Michigan through, among other things, his legal representation of the plaintiff, Larry Smith, in *Smith, supra*, as an attorney with Defendant THE LAW OFFICES OF JARRETT ADAMS, PLLC, such that he is subject to the personal jurisdiction of this judicial district.

4. Defendant THE LAW OFFICES OF JARRETT ADAMS, PLLC, is a non-Michigan company, maintaining offices in New York, NY and Chicago, IL. Defendant, however, has had sufficient contacts with the State of Michigan through, among other things, the law firm's legal representation of the plaintiff, Larry Smith, in *Smith, supra*, based on the work of its principal attorney Defendant JARRETT ADAMS, such that it is subject to the personal jurisdiction of this judicial district.

5. The contract between Plaintiff and Defendants, along with the contract between Defendants and Larry Smith, in which Plaintiff is an intended third-party beneficiary, both giving rise to this litigation, were lawfully formed within the Eastern District of Michigan, Southern Division judicial district.

6. Further, the civil action addressed and contemplated by both contracts, *Smith v County of Wayne, et al.,* Case No. 21-12070, was litigated within the Eastern District of Michigan, Southern Division judicial district, before the Hon. David M. Lawson.

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy in this matter exceeds the sum of $75,000.00.

8. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events and/or omissions giving rise to this action occurred within the Eastern District of Michigan, Southern Division judicial district.

**STATEMENT OF FACTS**

9. Plaintiff is an attorney licensed to practice law in the State of Michigan under license number P84898, having been admitted to the State Bar of Michigan on January 13, 2021.

10. In February 2021, Plaintiff consulted with Larry Smith, who was considering filing a civil action against the Wayne County Prosecutor's Office, the Detroit Police Department, and several individuals, stemming from his wrongful arrest, conviction, and imprisonment. After spending nearly 30-years in prison for first-degree murder, all criminal charges were dismissed against Mr. Smith, and he was released from prison on February 4, 2021.

11. Defendant JARRETT ADAMS was a professional colleague of Plaintiff and is licensed to practice law in the State of New York, having New York State Bar Number 5455712. Upon information and belief, Defendant JARRETT ADAMS also is admitted to practice law in Illinois and Wisconsin and is the principal attorney of Defendant THE LAW OFFICES OF JARRETT ADAMS, PLLC.

12. In consulting with Mr. Smith, Plaintiff advised him to formally retain Defendants as his counsel for pursuit of the above-referenced civil action based on her understanding of Defendants' experience relating to such matters.

13. In furtherance of her referral of Mr. Smith to Defendants, Plaintiff and Defendants participated in a meeting with Mr. Smith via Zoom on or about March 10, 2021, and discussed Defendants' potential legal representation of Mr. Smith in the above-referenced civil action.

14. Among other things, Defendant JARRETT ADAMS explained to Mr. Smith during this meeting that, while Defendants principally would be handling the anticipated civil litigation, Plaintiff still would be involved in the proceedings.

15. Defendant JARRETT ADAMS further explained to Mr. Smith and promised Plaintiff during this meeting that Plaintiff would receive one-third of the attorney fees obtained if the anticipated civil litigation was successful because she referred the case to Defendants, as well as that this provision would be included in a retainer agreement if Mr. Smith decided to hire Defendants.

16. Mr. Smith candidly stated at this March 10, 2021 meeting that, in addition to Defendants, he had been considering whether to retain a Michigan attorney instead to represent him in his anticipated civil action. However, because Mr. Smith trusted and respected Plaintiff's advice, he explained that he also would consider whether or not to retain Defendants for that purpose.

17. Mr. Smith, who at all times relevant to this matter was a resident of the City of Detroit, wanted to personally meet with Defendant JARRETT ADAMS before formally retaining him as counsel and invited Defendant JARRETT ADAMS to a "welcome home" celebration hosted by Mr. Smith's family in Michigan.

18. After the March 10, 2021 meeting ended, Plaintiff counseled and advised Defendant JARRETT ADAMS that he must attend Mr. Smith's celebration and personally meet with Plaintiff and Mr. Smith at the event.

19. Consequently, Defendant JARRETT ADAMS accepted the invitation, flew to Detroit, and attended Mr. Smith's "welcome home" celebration on March 20, 2021.

20. During this event, Plaintiff, Defendant JARRETT ADAMS, and Mr. Smith collectively discussed Mr. Smith's anticipated civil litigation referenced above, and, based Plaintiff's professional recommendations and advice, Mr. Smith agreed to retain Defendants as counsel to pursue that action.

21. In fact, Mr. Smith did not know Defendants before being introduced to them through Plaintiff in March 2021, and, until speaking with Plaintiff and Defendants at his exoneree celebration, Mr. Smith had been contemplating retaining other counsel instead of Defendants for his anticipated civil action.

22. Mr. Smith would not have agreed to retain Defendants as his counsel for his anticipated civil action but for the professional recommendations and advice of Plaintiff.

23. On March 31, 2021, Mr. Smith and Defendant JARRETT ADAMS, including on behalf of Defendant THE LAW OFFICES OF JARRETT ADAMS, PLLC, signed a Contingent Retainer Agreement ("Retainer Agreement"), which is attached hereto as *Exhibit 1*.

24. Consistent with Defendant JARRETT ADAMS' promise made on or about March 10, 2021, the Retainer Agreement states as follows regarding the division of attorney fees:

> 8. **<u>CO-COUNSEL</u>**
>
> \* \* \*
>
> Attorney <u>Roeiah Epps</u> will receive 1/3 of the attorney fees for referring the case; <u>Jarrett Adams</u> will share 1/3 of his 33 and 1/3 with attorney <u>Jeff Patza</u> [another attorney working at Defendant THE LAW OFFICES OF JARRETT ADAMS, PLLC]. [*Exhibit 1* at p. 3 (emphasis in original)]

25. On September 3, 2021, Defendants commenced the civil action entitled, *Smith v County of Wayne, et al.,* Case No. 21-12070, in the United States District Court for the Eastern District of Michigan, Southern Division, where it was assigned to the Hon. David M. Lawson.

26.     Through this civil action, Defendants asserted several causes of action under 42 U.S.C. § 1983 on behalf of Mr. Smith, alleging violations of the Fourth and Fourteenth Amendments based on unlawful detention (Count I), evidence fabrication (Count II), malicious prosecution (Count III), civil conspiracy (Count IV), "failure to intervene" (Count V), as well as a *Monell* claim against the defendant Wayne County (Count VI), and state law claims for malicious prosecution (Count VII), abuse of process (Count VIII), and intentional infliction of emotional distress (Count IX).

27.     Throughout the action, Defendants relied on Plaintiff for assistance in furtherance of their representation of Mr. Smith, including, but not limited to, by having Plaintiff sponsor Defendant JARRETT ADAMS for admission to the United States District Court for the Eastern District of Michigan, effectuating service on the defendants to the civil action, and research of legal issues, such as prosecutorial immunity.

28.     Following lengthy litigation, including extensive dispositive motion practice, Mr. Smith reached a settlement of his claims with the City of Detroit in 2024 for the total sum of $8.5 million ($8,500,000.00).

29.     Detroit City Council approved this settlement on Tuesday, July 9, 2024, and, thereafter, paid the settlement funds to Defendants towards the end of August 2024.

30. Upon information and belief, Defendants deposited the funds paid by the City of Detroit into their account(s), including Plaintiff's defined portion of the collectible attorney fees from Mr. Smith's civil action.

31. Defendants, however, have failed and refused to pay Plaintiff any portion of her earned referral fee from the settlement funds that they received from Mr. Smith's civil action and that they expressly promised and contracted to pay her.

32. In fact, Defendants never even notified Plaintiff of the settlement of Mr. Smith's civil action or the Detroit City Council's approval of the settlement. Plaintiff learned of this information from third parties and press coverage.

33. Defendants, further, have ignored and refused all communication from Plaintiff following their receipt and deposit of Mr. Smith's settlement funds.

## CAUSES OF ACTION

### COUNT I - Breach of Contract

34. Plaintiff incorporates by reference and realleges Paragraphs 1 through 33 above as if those allegations were fully set forth herein.

35. For valuable consideration, Plaintiff and Defendants entered into a valid and enforceable oral contract in March 2021 wherein Plaintiff, in her capacity as an attorney, agreed to advise Mr. Smith to retain Defendants as his attorneys for representation in the civil action discussed above, and, in return, Defendants agreed

to pay Plaintiff a referral fee if Mr. Smith chose to retain their services as Plaintiff advised.

36.     Specifically, and as ultimately memorialized in the March 31, 2021 Retainer Agreement, Defendants promised to Plaintiff one-third of the attorney fees obtained if the anticipated civil litigation was successful.

37.     On March 31, 2021, Mr. Smith formally retained Defendants to pursue a civil action on his behalf as described above, and that litigation was successfully resolved in Mr. Smith's favor, with the City of Detroit settling Mr. Smith's claims for $8.5 million ($8,500,000.00).

38.     The Detroit City Council's approval and payment of that amount to Defendants on behalf of Mr. Smith yielded a total attorney fee of $2,833,333.33.

39.     Of that total attorney fee, Plaintiff is entitled to $944,444.44 based on Defendants' oral contract with her.

40.     Plaintiff substantially performed and fulfilled all of her obligations under the parties' oral contract based on Mr. Smith's retention of Defendants for legal representation, which directly resulted from Plaintiffs referral of Defendants.

41.     However, Defendants, and each of them, have breached their agreement with Plaintiff because they have unlawfully failed and refused to pay Plaintiff as they promised her, despite having received and deposited settlement funds from the City of Detroit.

42.     As a direct and proximate result of Defendants' breaches, Plaintiff has sustained damages, including, but not limited to the deprivation of fees that she lawfully earned and is legally entitled to receive.

43.     Plaintiff has also suffered and continues to suffer additional consequential damages that were within the reasonable contemplation of the parties when they entered into their contract and/or were the natural consequence of Defendants' breach of the parties' contract.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, in excess of seventy-five thousand dollars ($75,000.00) as an award for all damages allowed by law, including but not limited to consequential damages, together with all recoverable costs, interest, and attorney fees.

**COUNT II – Breach of Contract:**
**Intended Third Party Beneficiary (M.C.L. 600.1405)**

44.     Plaintiff incorporates by reference and realleges Paragraphs 1 through 43 above as if those allegations were fully set forth herein.

45.     On March 31, 2021, Mr. Smith and Defendant JARRETT ADAMS, including on behalf of Defendant THE LAW OFFICES OF JARRETT ADAMS, PLLC, signed the Retainer Agreement for services associated with the civil action *Smith v County of Wayne, et al.,* Case No. 21-12070.

46.     Plaintiff is an intended third party beneficiary of Retainer Agreement consistent with M.C.L. 600.1405, because, in that Agreement, Defendants directly

11

agreed to pay Plaintiff a referral fee upon the successful conclusion of Mr. Smith's civil action as follows:

8. **<u>CO-COUNSEL</u>**

\* \* \*

Attorney <u>Roeiah Epps</u> will receive 1/3 of the attorney fees for referring the case; <u>Jarrett Adams</u> will share 1/3 of his 33 and 1/3 with attorney <u>Jeff Patza</u>. [***Exhibit 1*** at p. 3 (emphasis in original)]

47. Detroit City Council's approval of the $8.5 million ($8,500,000.00) settlement to Mr. Smith, and payment of that amount to Defendants on behalf of Mr. Smith, yielded a total attorney fee of $2,833,333.33.

48. Of that total attorney fee, Plaintiff is entitled to $944,444.44 based on the Retainer Agreement.

49. However, Defendants, and each of them, have breached the Retainer Agreement, of which Plaintiff is an intended third party beneficiary, because they have unlawfully failed and refused to pay Plaintiff as they promised in that document for her benefit, despite having received and deposited settlement funds from the City of Detroit.

50. As a direct and proximate result of Defendants' breaches, Plaintiff has sustained damages, including, but not limited to the deprivation of fees that she lawfully earned and is legally entitled to receive.

51. Plaintiff has also suffered and continues to suffer additional consequential damages that were within the reasonable contemplation of the parties when they entered into their contract and/or were the natural consequence of Defendants' breach of the parties' contract.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, in excess of seventy-five thousand dollars ($75,000.00) as an award for all damages allowed by law, including  but not limited to consequential damages, together with all recoverable costs, interest, and attorney fees.

### COUNT III – Conversion (M.C.L. 600.2919a)

52. Plaintiff incorporates by reference and realleges Paragraphs 1 through 51 above as if those allegations were fully set forth herein.

53. Based on the Detroit City Council's approval of the $8.5 million ($8,500,000.00) settlement to Mr. Smith, and payment of that amount to Defendants on behalf of Mr. Smith, Defendants became obligated to pay Plaintiff $944,444.44 for the lawful referral fee they promised her via an oral contract and the Retainer Agreement as part of the disbursements made Mr. Smith's civil action.

54. Pursuant to the contract between Plaintiff and Defendants, as well as the Retainer Agreement, these funds ($944,444.44) were particularly designated, allocated, and dedicated to Plaintiff.

55. The above-referenced funds that Defendants are obligated to pay Plaintiff are her property.

56. By failing and refusing to pay Plaintiff the funds Defendants owe her, Defendants, and each of them, have willfully and unlawfully misappropriated, exerted dominion over, and converted Plaintiff's property as their own without Plaintiff's consent in violation of M.C.L. 600.2919a.

57. As a direct and proximate result of Defendants' unlawful misappropriation and conversion, Plaintiff has sustained damages, including, but not limited to the deprivation of fees that she lawfully earned and is legally entitled to receive.

58. Plaintiff, therefore, is entitled to treble damages pursuant to M.C.L. 600.2919a, along with all other relief provided thereunder.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, in excess of seventy-five thousand dollars ($75,000.00) as an award for all damages allowed by law, together with all recoverable costs, interest, and attorney fees.

**COUNT IV – Unjust Enrichment: Restitution, Constructive Trust and/or Equitable Lien, and Accounting**

59. Plaintiff incorporates by reference and realleges Paragraphs 1 through 58 above as if those allegations were fully set forth herein.

60. Plaintiff conferred benefits upon Defendants, and each of them, based on her professional recommendations and advice to Mr. Smith to retain Defendants to represent his interests in the civil action *Smith v County of Wayne, et al.,* Case No. 21-12070.

61. Mr. Smith, in fact, followed Plaintiff's recommendations and advice, and he signed the Retainer Agreement with Defendants on March 31, 2021 (***Exhibit 1***), instead of opting to retain other counsel that he had been considering for the civil action.

62. Defendants knew and/or should have known that, but for Plaintiff's recommendations and advice that Mr. Smith would not have retained Defendants to represent him in his civil action.

63. Defendants, further, relied upon Plaintiff and accepted Plaintiff's efforts to act on their behalf so that Mr. Smith would, in fact, retain them to represent him in his civil action.

64. Defendants additionally benefitted from Plaintiff's efforts and became entitled to a portion of the total attorney fees earned the settlement of Mr. Smith's civil action, while agreeing to pay Plaintiff the remainder of the attorney fees as previously described in this Complaint.

65. Specifically, Detroit City Council's approval of the $8.5 million ($8,500,000.00) settlement to Mr. Smith, and payment of that amount to Defendants

on behalf of Mr. Smith, yielded a total attorney fee of $2,833,333.33, of which Defendants agreed to pay Plaintiff $944,444.44 pursuant to the contract between Plaintiff and Defendants and the Retainer Agreement.

66. Defendants, and each of them, have wrongfully and unlawfully attempted to defraud Plaintiff by intentionally concealing the settlement of Mr. Smith's civil action from Plaintiff, as well as her entitlement to a specific portion of the settlement funds, as demonstrated by Defendants' failure to notify Plaintiff of the settlement of Mr. Smith's civil action, the Detroit City Council's approval of the settlement, and, further, actual payment of the settlement funds by the City of Detroit.

67. Alternatively, Defendants' failure to notify Plaintiff of the settlement of Mr. Smith's civil action, the Detroit City Council's approval of the settlement, actual payment of the settlement funds by the City of Detroit, and their attendant failure pay her consistent with the terms of the contracts at issue in this case, occurred because of an accident or mistake.

68. Whatever the reason, Defendants have wrongfully and unjustly retained a portion of the attorney fees collected from Mr. Smith's civil action and deposited into their account(s) that actually belong to Plaintiff and are her property.

69. Defendants are not entitled to retain Plaintiff's portion of the attorney fees obtained from the settlement of Mr. Smith's civil action.

70.     It is wholly inequitable for Defendants to retain benefits they received solely because of Plaintiff's professional relationship with Mr. Smith and the recommendations and advice she gave him about legal representation for his civil action.

71.     It is, further, wholly inequitable for Defendants to specifically retain the portion of attorney fees from the settlement of Mr. Smith's civil action that are Plaintiff's defined and dedicated property.

72.     Defendants, and each of them, will be unjustly enriched without being required to give Plaintiff restitution, which she is entitled to.

73.     Based upon Defendants' failure to communicate with Plaintiff regarding the settlement of Mr. Smith's civil action, Plaintiff suspects that Defendants have dissipated the attorney fees recovered from that litigation such that Defendants are unable to pay Plaintiff the funds that are her property and that she is rightfully and legally entitled to under her contract with Defendants and the Retainer Agreement.

74.     Plaintiff, therefore, is entitled to a full and complete accounting by Defendants regarding the attorney fees collected from the settlement of Mr. Smith's civil action along with imposition of a constructive trust and/or an equitable lien against Defendants' assets, regardless of whether held jointly or severally, until she is paid in full.

WHEREFORE, Plaintiff demands that Defendants be required to give Plaintiff restitution of the full portion of attorney fees she is entitled to from the settlement of *Smith v County of Wayne, et al.,* Case No. 21-12070, as well as an accounting by Defendants regarding the attorney fees collected from that settlement and imposition of a constructive trust and/or equitable lien against Defendants, and each of them, on any physical assets, including bank accounts, held by them, jointly and/or severally, along with any income received by Defendants, and each of them, in the future until Plaintiff is paid in full.

Respectfully submitted,

/s/ *Arnold E. Reed*
ARNOLD E. REED (P46959)
HAROLYN D. BEVERLY (P44028)
Arnold E. Reed & Associates P.C.
Attorney for Plaintiffs
17515 W. Nine Mile Rd., Ste. 425
Southfield, MI 48075-4402
(248) 855-6330
fax (248) 855-6340
areed@arnoldreedlaw.com
hbeverly@arnoldreedlaw.com

Dated: September 25, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROEIAH EPPS-WARD,

       Plaintiff,

                                        Case No. 24-cv-

v.

                                        HON. _____
                                        MAG. _____


JARRETT ADAMS and THE LAW OFFICES
OF JARRETT ADAMS, PLLC, jointly
and severally,

       Defendants.
_____/

Arnold E. Reed & Associates P.C.
ARNOLD E. REED (P46959)
HAROLYN D. BEVERLY (P44028)
Attorneys for Plaintiff
17515 W. 9 Mile Rd., Ste. 425
Southfield, MI 48075
(248) 855-6330 | fax (248) 855-6340
areed@arnoldreedlaw.com
hbeverly@arnoldreedlaw.com
_____/

## **JURY DEMAND**

Plaintiff, Roeiah Epps-Ward, through her attorneys, the Law Offices of

Arnold E. Reed & Associates, P.C., hereby demands a trial by jury of all the issues

in this action.

Respectfully submitted,

/ s/ *Arnold E. Reed*

ARNOLD E. REED (P46959)
HAROLYN D. BEVERLY (P44028)
Arnold E. Reed & Associates P.C.
Attorney for Plaintiffs
17515 W. Nine Mile Rd., Ste. 425
Southfield, MI 48075-4402
(248) 855-6330
fax (248) 855-6340
areed@arnoldreedlaw.com
hbeverly@arnoldreedlaw.com

Dated: September 25, 2024